UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| AARON CONWAY and KERI CONWAY,<br><br>     Plaintiffs,<br><br>vs.<br><br>RYAN M. PANKOKE, individually and as an agent of Pankoke Brothers Trucking, Inc., and **PANKOKE BROTHERS TRUCKING INC.,**<br>a Nebraska Corporation,<br><br>     Defendant. | Civ. 21-4104<br><br>**COMPLAINT** |

Plaintiffs Aaron Conway and Keri Conway, through counsel and for their Complaint against the Defendants, state and allege as follows:

## PARTIES

1. Plaintiffs are residents of Yankton, South Dakota.

2. Defendant Ryan Pankoke is a resident of Beaver Crossing, Nebraska.

3. Defendant Pankoke Brothers Trucking Inc. is a corporation registered in Nebraska that operated in South Dakota at all material times. Its Registered Agent for service of process is Ryan M. Pankoke, 4018 "A" Street Road, Beaver Crossing, NE 68313.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.SC. § 1332. The amount in controversy exceeds $75,000.

5. The events and claims arise from the Parties' conduct that occurred in South Dakota.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

7. At all material times, Plaintiffs Aaron Conway and Keri Conway were married and living together as husband and wife and remain so at this time.

8. Prior to the crash, Plaintiffs Aaron Conway and Keri Conway operated two businesses, a landscaping and irrigation business and a car dealership business.

9. On the morning of May 15, 2019, Plaintiff Aaron Conway ("Aaron") left Yankton and drove to Sioux Falls.

10. Aaron drove his Ram 2500 pickup to an insurance auction and acquired a dual-axle motorcycle trailer.

11. Aaron purchased the trailer to refurbish and sell at his car dealership business.

12. Aaron attached the trailer to his pickup and began driving home to Yankton.

13. Around 5:30 PM on May 15, 2019, Aaron was driving south on Interstate 29 in the west lane and traveling 65 mph.

14. Aaron was sober, rested, alert, and conscious.

15. Defendant Ryan Pankoke was also driving south on Interstate 29.

16. Defendant Ryan Pankoke was driving a 1999 Kenworth semitruck with a loaded cargo trailer.

17. Defendant Ryan Pankoke was driving in the same lane as Aaron and approached Aaron from behind.

18. At approximately 5:30 PM on May 15, 2019, Defendant Ryan Pankoke crashed into Aaron's trailer and pickup from behind.

19. At the time of the crash, the road was dry, and the weather was clear and sunny.

20. The impact caused Aaron's truck to jackknife into a light pole and leave the road.

21. After Aaron's pickup and trailer left the road, Defendant Ryan Pankoke ran over and destroyed Aaron's trailer.

22. Aaron's pickup rolled in the ditch.

23. Aaron's truck and trailer were total losses.

24. Aaron suffered extensive injuries in the crash including loss of consciousness, a permanent traumatic brain injury, a kidney contusion, deep lacerations, broken ribs, a labral tear, permanent scarring, and permanent injuries in his neck and shoulders.

25. The South Dakota Highway Patrol investigated the crash and cited Defendant Ryan Pankoke for careless driving pursuant to SDCL § 32-24-8.

26. Defendant Ryan Pankoke pleaded guilty to following Aaron's vehicle too closely and admitted violating SDCL § 32-26-40.

27. Upon information and belief, Defendant Ryan Pankoke was not tested after the crash for drugs or alcohol as required by 49 CFR § 382.303.

28. If Defendant Pankoke Brothers Trucking Inc. did not perform the required alcohol or drug testing, 49 CFR § 382.303 required it to prepare and maintain records stating the reasons the testing was not properly administered.

29. Upon information and belief, Defendant Pankoke Brothers Trucking, Inc. did not prepare or maintain such records.

30. After the crash, Aaron and Keri Conway ("Keri") were unable to continue in the car dealership business but continued the landscape and irrigation business on a more limited basis.

31. Due to his permanent traumatic brain injury, Aaron has suffered and continues to suffer an altered mood, altered personality, depression, decreased cognitive abilities, and other permanent neuropsychological impairments.

32. Due to his injuries, Aaron is unable to multitask and work as before the crash and, therefore, is unable to continue running both businesses and physically perform as he did prior to the crash.

33. Due to his injuries suffered in the crash, Aaron has incurred medical expenses exceeding $66,000, a loss of earning capacity, and past and future wage loss.

34. Due to his injuries, Aaron has suffered extensive pain, suffering, inconvenience, and a loss of enjoyment of life.

35. Due to his injuries, Aaron will incur future healthcare expenses to be determined at trial.

36. Due to Aaron's permanent impairments, Keri assumed additional household tasks, more childcare duties, and more responsibilities in the landscaping and irrigation business and misses out on Aaron's aid, comfort, companionship, and affections, which she otherwise would have enjoyed.

37. Aaron's injuries have also resulted in significant changes in his relationship with Keri, including decreased intimacy and increased stress. Prior to the crash Aaron and Keri also planned to have another child, but due to Aaron's serious injuries, they have decided not to have more children.

### COUNT I: NEGLIGENCE

38. Aaron repeats and incorporates all prior allegations where appropriate.

39. Defendant Ryan Pankoke owed Aaron a duty to exercise reasonable and ordinary care in the operation of his semitruck on May 15, 2019, including a duty to regulate his vehicle

to prevent a rear-end collision with Aaron's truck, and a duty to keep a lookout for other road users as a reasonably prudent person would under similar circumstances.

40. Defendant Ryan Pankoke breached his duty by failing to see Aaron's truck and trailer, which were in Defendant Ryan Pankoke's lane, and crashing into them in broad daylight.

41. Defendant Ryan Pankoke breached his duty owed to Aaron as a foreseeable consequence of and within the scope of his employment or ownership of Defendant Pankoke Brothers Trucking Inc., making Defendant Pankoke Brothers Trucking Inc. vicariously liable for the torts of Defendant Ryan Pankoke.

42. Defendant Ryan Pankoke's breach of his duty legally and proximately caused Aaron's extensive injuries, including a permanent traumatic brain injury, disability and impairments, pain, suffering, inconvenience, loss of past and future wages, loss of earning capacity, and a loss of the normal pleasures of life that he formerly enjoyed.

43. As a direct and proximate result of Defendant Ryan Pankoke's negligence, Aaron has incurred past healthcare expenses exceeding $66,000 and will incur future healthcare and other remedial expenses in an amount to be determined at trial.

44. As a direct and proximate result of Defendant Ryan Pankoke's negligence, Aaron has suffered general damages, lost wages and benefits, and will experience future lost wages and reduced earning capacity in amounts to be determined at trial.

## COUNT II: NEGLIGENCE PER SE

45. Aaron repeats and incorporates all prior allegations where appropriate.

46. SDCL § 32-26-40 is a safety statute designed to protect road users from harm.

47. At the time of the crash, Aaron, as a road user, was a person for whose protection SDCL § 32-26-40 was enacted.

48. After the crash, Defendant Ryan Pankoke pleaded guilty to following Aaron's truck and trailer too closely and admitted violating SDCL § 32-26-40.

49. Defendant Ryan Pankoke violated SDCL § 32-26-40 on May 15, 2019 without legal excuse or justification.

50. Defendant Ryan Pankoke's violation of SDCL § 32-26-40 was a legal and proximate cause of the crash and Aaron's resulting injuries, including a permanent traumatic brain injury, permanent disability and impairments, pain, suffering, inconvenience, loss of past and future wages, loss of earning capacity, and the normal pleasures of life that he formerly enjoyed.

51. By violating SDCL § 32-26-40 and thereby causing the crash, Defendant Ryan Pankoke acted negligently as a matter of law.

52. Defendant Ryan Pankoke's negligence as a matter of law was a foreseeable consequence of and occurred within the scope of his employment or ownership of Defendant Pankoke Brothers Trucking Inc., making Defendant Pankoke Brothers Trucking Inc. vicariously liable for the torts of Defendant Ryan Pankoke.

53. As a direct and proximate result of Defendant Ryan Pankoke's negligence, Aaron has incurred past healthcare expenses exceeding $66,000 and will incur future healthcare and other remedial expenses in an amount to be determined at trial.

54. As a direct and proximate result of Defendant Ryan Pankoke's negligence, Aaron has suffered general damages, lost wages and benefits, and will experience future lost wages and reduced earning capacity in amounts to be determined at trial.

## COUNT III: LOSS OF CONSORTIUM (KERI)

55. Keri repeats and incorporates all prior allegations where appropriate.

56. At the time of the crash, Plaintiffs were married and have remained married.

57. Due to Defendant Ryan Pankoke's negligence, Keri has suffered and will continue to suffer a loss of consortium and a loss of Aaron's services, aid, comfort, society, companionship, and affections.

58. Keri has suffered damages due to Defendant Ryan Pankoke's negligence in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

A. Special damages for Aaron's past healthcare expenses, future healthcare expenses in an amount to be determined, past and future lost earnings and earning capacity, and other special damages;

B. General damages, including permanent pain, suffering, impairment, and loss of enjoyment of life suffered by Aaron to be determined at trial;

C. Damages for Keri's loss of consortium to be determined at trial;

D. Pre-judgment and post-judgment interest as allowed by law;

E. Plaintiffs' costs and disbursements; and

F. Such other relief as the Court deems just and proper.

Dated this 7th day of June, 2021.

_____
Michael F. Marlow
Marlow, Woodward & Huff, Prof. LLC
200 West Third Street
P.O. Box 667
Yankton, SD 57078
Telephone: (605) 665-5009
Facsimile: (605) 665-4788
Email: mike@mwhlawyers.com;
*Attorneys for Plaintiffs*

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
AARON CONWAY and KERI CONWAY

**(b)** County of Residence of First Listed Plaintiff: Yankton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael F. Marlow; Marlow, Woodward & Huff, Prof. LLC, P.O. Box 667, Yankton, SD 57078 (605) 665-5009

## DEFENDANTS
Ryan M. Pankoke and Pankoke Brothers Trucking Inc.

County of Residence of First Listed Defendant: Seward, Nebraska
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [x] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
Plaintiff was rear-ended by Defendant

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 6-7-21
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.